**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Brenda L. Rand

    v.                                Civil No. 11-cv-55-LM
                                             Opinion No. 2014 DNH 206
Town of Exeter, New Hampshire;
and George McAllister


# O R D E R

Brenda Rand won jury verdicts against the Town of Exeter ("Town") and George McAllister. Before the court is Rand's petition for attorney's fees and costs from the Town, along with a supplemental motion for the attorney's fees generated since she filed her petition. The Town objects to both Rand's petition and her motion. For the reasons that follow, Rand's petition is granted in part.


## Background

Rand initially sued the Town and George McAllister in six counts, asserting claims arising from an incident in which she was assaulted by Town employee McAllister while she was working for the Town. Thereafter, she sued those two defendants, plus four more (Jay Perkins, Jennifer Perry, Donna Cisewski, and Russell Dean), also asserting claims arising from the McAllister assault. Those two cases were consolidated, and Rand filed a

seven-count amended complaint in the consolidated case in which she asserted: (1) a Title VII sex-discrimination claim against the Town, Perkins, Perry, Cisewski, and Dean for hostile-work-environment sexual harassment and retaliation; (2) a state-law sex-discrimination claim against the same five defendants under the same two theories; (3) a state-law claim for assault and battery against McAllister; (4) a state-law claim for intentional infliction of emotional distress against all six defendants; (5) a state-law claim for wrongful termination against the Town; (6) a state-law claim for defamation against the Town, Perkins, Perry, Cisewski, and Dean; and (7) a state-law claim for intentional interference with contractual relations against Perkins, Perry, Cisewski, and Dean.  By order dated October 2, 2013, Judge Barbadoro granted defendants' motion for summary judgment as to all claims other than: (1) Rand's retaliation claims against the Town; (2) her claims for assault and intentional infliction of emotional distress against McAllister; and (3) her claim against the Town for wrongful termination.  At trial, Rand prevailed on all of those claims, and was awarded $49,000 in damages against the Town and $20,000 in damages against McAllister.

**Discussion**

The parties agree that Rand is entitled to some amount of attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k).  They further agree that the court should use the "lodestar" approach to calculate the amount of the award.

> In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The second step entails a determination of a reasonable hourly rate or rates — a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence. See [Gay Officers Action League v. Puerto Rico], 247 F.3d [288,] 295 [(1st Cir. 2001)].  The product of the hours reasonably worked times the reasonable hourly rate(s) comprises the lodestar.

Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (parallel citations omitted).  The parties also agree that $200 per hour is a reasonable rate for the services provided by Rand's attorney.  The sole area of disagreement concerns the number of hours that Rand's attorney reasonably expended in this case.

In her petition, Rand asks the court to award her $144,720 in attorney's fees (based upon 723.6 hours of work) and $6,749.50 in costs.  In her supplemental motion, she seeks an additional $7,240 in attorney's fees.  In response, the Town:

(1) argues that the fees Rand seeks for some of her attorney's services are excessive; (2) contends that Rand seeks fees for some services that are uncompensable because those services were for the litigation of claims that are unrelated to the Title VII claim on which she prevailed; (3) takes issue with some of the costs Rand claims; and (4) objects to her supplemental motion for fees as being untimely and as claiming excessive fees.  If the court were to apply all of the exclusions and reductions that the Town proposes, Rand would receive an award for fees and costs in the neighborhood of $50,000.  The amount to which Rand is entitled lies in between the amount she seeks and the amount to which the Town says she is entitled.  The court begins its analysis by sketching the law that governs the amount of time reasonably expended by an attorney and then turns to each of the four grounds on which the Town relies for reducing the amount that Rand may recover for attorney's fees and costs.

A. The Relevant Law

"The prevailing party has the burden of proving the reasonableness of the hours claimed," Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008) (citation omitted), and "the failure of a fee-seeker to submit reasonably explicit time records may have deleterious consequences on the amount of fees awarded," Burke v. McDonald, 572 F.3d 51, 63 (1st Cir.

2009) (citation and internal quotations marks omitted).  When determining the number of hours reasonably expended, "[t]he district court . . . should exclude from this initial fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 434 (citation and internal quotation marks omitted). Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id.

After the lodestar has been calculated, by multiplying a "reasonable [number of] hours [by] a reasonable rate[,] . . . [t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained." Hensley, 461 U.S. at 434 (internal quotation marks and footnote omitted).  For example, "[i]n some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories," Id.  In such a situation, "even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim, [and] work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result

achieved.'"  Id. at 434-35 (quoting Davis v. County of L.A., No.
73-63-WPG, 1974 WL 180, at *3 (C.D. Cal. June 5, 1974).  When
that happens, "no fee may be awarded for services on the
unsuccessful claim."  Hensley, 461 U.S. at 435.  But in cases
where "the plaintiff's claims for relief . . . involve a common
core of facts or [are] based on related legal theories," id.,
such that "it [is] difficult to divide the hours expended on a
claim-by-claim basis," id., fees may be awarded for work devoted
to claims other than those that expressly provide for an award
of fees.  See also Diaz v. Jiten Hotel Mgmt., Inc., 741 F.3d
170, 173 (1st Cir. 2013) (affirming district court's decision to
reduce lodestar "by refusing to make [defendant] pay for
attorney's fees incurred by [plaintiff] in the pursuit of
unsuccessful and largely independent claims"); Burke, 572 F.3d
at 63 ("It is well-established that fees are appropriately
excluded from the lodestar when different claims for relief are
not interconnected, that is, when the claims rest on different
facts and legal theories") (quoting Bogan v. City of Bos., 489
F.3d 417, 428-29 (1st Cir. 2007)) (additional citation,
punctuation, and internal quotation marks omitted).
Procedurally, "[i]f the fee-seeker properly documents her claim
and plausibly asserts that the time cannot be allocated between
successful and unsuccessful claims, it becomes the fee-target's

burden to show a basis for segregability." Burke, 572 F.3d at 63 (quoting Lipsett [v. Blanco], 975 F.3d [924,] 941, [(1st Cir. 1992)]) (emphasis omitted).

### B. Excessive, Redundant, or Unnecessary Hours

The Town identifies a substantial number of specific legal services for which, in its view, Rand's attorney has overbilled. In response, Rand correctly notes that "[a] request for attorney's fees should not result in a second major litigation," Hensley, 461 U.S. at 437. Further, she objects to what she calls the Town's "nickel-and-dime approach to her fee petition," Pl.'s Reply Mem. (doc. no. 68) 1, and its "scattershot objection," id. However, Hensley also teaches that "[t]he amount of the fee . . . must be determined on the facts of each case," 461 U.S. at 429, and points out that "[t]he party seeking an award of fees should submit evidence supporting the hours worked," id. at 433. Moreover, the First Circuit has explained that "it is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." Gay Officers, 247 F.3d at 296 (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997)). Accordingly, the court turns to an item-by-item consideration of those components of the fee request that the Town considers to be excessive, redundant, or unnecessary.

**Trial Preparation**.  Rand seeks fees for 153 hours of trial preparation.  The Town seeks a reduction to 51 hours.  It argues that: (1) Rand's trial preparation time included tasks that were unnecessary, such as preparing jury instructions and blowing up exhibits that were not used; and (2) the amount of time billed, overall, was excessive and/or unreasonable given the limited number of witnesses and the lack of preparation demonstrated by Rand's attorney's examination of those witnesses.  Rand does not address this objection in her reply.

The time Rand's attorney spent on jury instructions was not unnecessary, but it was excessive.  The fact that the court ultimately drafts the instructions it gives a jury does not mean that counsel should refrain from submitting proposed instructions.  Moreover, Rand's attorney's request for jury instructions generally complied with LR 16.2(b)(1).  But, given the relatively small number of claims in the case, the ready availability of model instructions on those relatively commonplace claims, the 34.4 hours Rand claims for drafting proposed jury instructions is excessive.  The Town is entitled to a reduction of 20 hours for this task.

With regard to the enlarged exhibits, Rand's generally well-detailed billing records mix this task in with other tasks in a way that makes it impossible to discern exactly how much

time was devoted to it.  However, those records strongly suggest
that the amount of time was minimal, and even though most of the
blow-ups were not used, the court shall not penalize Rand for
some slight amount of overpreparation.  Cf. Eli Lilly & Co. v.
Zenith Goldline Pharms., Inc., 264 F. Supp. 2d 753, 773 (S.D.
Ind. 2003) (explaining that standby witnesses "are an ordinary
part of litigation").  The Town is entitled to no reduction for
the attorney's fees associated with preparing blow-ups for
trial.

Finally, the court is not persuaded by the Town's argument
for an overall two-thirds reduction of trial-preparation time.
133 hours of preparation time for a seven-day trial falls within
the realm of the presumptively reasonable, and Rand's attorney's
time slips amply describe tasks that were necessary for the
prosecution of her claims and appropriately billed.

In sum, the Town is entitled to a deduction of $4,000 from
Rand's fee request for excessive trial-preparation time.

**Trial Time**.  Rand seeks fees for 99.5 hours of work on the
seven days of her trial.  The Town seeks a reduction to 75
hours, based upon a blanket assertion that the amount of time
Rand's attorney devoted to the case on trial days was excessive
and/or unreasonable.  Rand does not address this objection in
her reply.

9

Based upon entries in the docket of this case, court was in session for approximately 25 hours.  Factoring in break time, time in the courtroom with clients before court opened and after it was adjourned each day, time spent on various trial-related tasks back in the office, and travel time, Rand has carried her burden of demonstrating her entitlement to fees for 99.5 hours of work by her attorney during the course of trial.  For that reason, and because the Town offers no specific grounds for the reduction it seeks, the Town is not entitled to a reduction of the hours in this category.

**Motion to Compel.**  Rand seeks fees for 99 hours devoted to researching and drafting a motion to compel the production of the personnel files of seven then-current Town employees and one former Town employee.  The Town argues that Rand may not recover fees for that work because: (1) the motion was denied; (2) Rand's attorney never discussed the issue with counsel for the Town before filing the motion; and (3) he did not pursue the issue any further after the motion was denied.  Rand argues that the time her attorney spent drafting the motion was well justified by the Town's frivolous refusal to produce the files she sought, and that preparing the motion took so much time because it was necessary to make a separate case for each employee whose files she sought.  In addition, Rand has offered

to cut her fee request for this work in half.  Rand, however, is
entitled to no fees for work on the motion to compel.

On July 9, 2013, Rand filed a motion to compel the Town to
produce the personnel files of several of its employees who were
Rand's co-workers.  On August 13, while serving as magistrate
judge, I denied Rand's motion for failing to comply with the
page limits established by LR 7.1(a)(3), and for failing to
demonstrate that her attorney had satisfied the federal and
local rules requiring counsel to meet and confer before seeking
judicial intervention to resolve a discovery dispute, see Fed.
R. Civ. P. 37(a)(1); LR. 7.1(c).  I denied the motion without
prejudice.  See Notice of Ruling (doc. no. 24).  While Rand now
argues that the denial of her discovery motion was erroneous,
see Pl.'s Reply Mem. (doc. no. 68) 10, she never moved for
reconsideration or refiled a motion that complied with the
relevant local rules.  According to Rand, "[b]y the time that
the Court rendered its ruling on [her] motion . . . trial was
approaching, the discovery period was almost over, and [her]
counsel simply did not have time to regroup, redraft, and
resubmit the motion."  Id. at 11.  When I denied Rand's motion
on August 13, 2013, discovery was set to close on August 23,
2013, and trial was set for October 1.  On September 30, the
court rescheduled trial for the beginning of February.  Yet,

Rand's attorney did not seek to extend the discovery deadline or make any further effort to obtain the personnel records she sought in her motion for discovery.

Based upon the procedural history outlined above, Rand is entitled to no fees for the 99 hours her attorney devoted to the motion to compel.  It can hardly be said that work on that motion was necessary to the success of Rand's claims, in that the motion was not even addressed on the merits, much less granted.  See Ford v. Bender, 903 F. Supp. 2d 90, 103 (D. Mass. 2012) (denying fees for unsuccessful motion); Specialty Retailers, Inc. v. Main St. NA Parkade, LLC, 804 F. Supp. 2d 68, 75 (D. Mass. 2011) (ruling that defendant was "not entitled to fees for legal services expended on its unsuccessful motion to dismiss"); Rolland v. Cellucci, 151 F. Supp. 2d 145, 154 (D. Mass. 2001) ("An unsuccessful motion cannot be compensated.") Moreover, the Supreme Court has explained that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)) (en banc) (emphasis omitted).  Because it would be improper for Rand's attorney to bill her for the time he spent on a motion that was denied due to his failure to comply with the local rules, it would surely be improper to bill

the Town for such a motion.  Accordingly, the Town is entitled

to a deduction of $19,800 from Rand's fee request for time spent

unnecessarily on the motion to compel.

**Preparing the Fee Petition**.  Rand seeks fees for 75.1 hours

devoted to preparing her initial petition for fees.  The Town

seeks a reduction to 15 hours, on grounds that: (1) many of the

hours Rand claims were devoted to issues not in dispute; (2) the

petition, the memorandum of law, and the affidavit are largely

repetitive; and (3) it is patently unreasonable for Rand to ask

for nearly as much for the fee petition as she seeks for her

attorney's trial time.  Rand contends that her attorney spent

considerable time attempting to negotiate with the Town's

attorney on both an hourly rate and a reasonable number of hours

before it undertook the lion's share of the 75 hours she claims.

The Town is entitled to a both a reduction in the number of

hours for which it must compensate Rand and a reduction in the

hourly rate of compensation.

It is undisputed that Rand is entitled to fees generated by

her pursuit of fees.  See Torres-Rivera, 524 F.3d at 340

(citations omitted).  But, at the same time, "[b]ecause

litigating a fee petition is typically an uncomplicated

exercise, fees for such work are often calculated at lower rates

than those deemed reasonable for the main litigation."  Id.

(citing Brewster v. Dukakis, 3 F.3d  488, 494 (1st Cir. 1993);
Gabriele v. Southworth, 712 F.2d 1505, 1507 (1st Cir. 1983)).

        Here, following the lead of the court in Bryan M. v.
Litchfield School District, which reduced an attorney's hourly
rate from $225 to $180 for time spent on a fee petition, see No.
CIV 04-CV-246-JM, 2005 WL 3287478, at *10 (D.N.H. Dec. 5, 2005),
the court reduces Rand's attorney's rate of compensation to $160
per hour for the work he did to recover attorney's fees.  All
that remains is to determine a reasonable number of hours.
Based upon the court's experience reading this petition for fees
and memorandum of law in support thereof, the court is
sympathetic to the Town's redundancy argument.  Moreover, in
comparison with the 41.1 hours Rand claims for responding to a
summary-judgment motion, the number of hours she claims for the
fee petition, which amounts to nearly two full work weeks, is
plainly excessive.  The amount of time reasonably necessary to
prepare a fee petition in this case is 24 hours.  So, rather
than being entitled to $15,020 in attorney's fees for this task
($200 per hour x 75.1 hours), Rand is entitled to $3,840 ($160
per hour x 24 hours).  That results in a deduction of $11,180
from her fee request.

        **Answering Interrogatories**.  Rand seeks fees for 53.4 hours
devoted to responding to the 13 interrogatories she was served

by the Town.  Arguing that interrogatories are to be answered by
the client rather than the attorney, the Town seeks a reduction
to four hours for this task.  Rand contends that the amount of
time her attorney devoted to responding to interrogatories was
justified by the expansiveness of the interrogatories
themselves, the necessity of providing full responses in order
to preclude impeachment on cross-examination, and her attorney's
experience that comprehensive responses to discovery requests
often stimulate settlement.  Rand's fee request for the time her
attorney spent preparing interrogatory responses is excessive.

The court's starting point is its understanding that
interrogatories are to be answered by the client, not the
attorney, and that the attorney's role is to prompt the client
to provide full and responsive answers, and to edit those
answers, if necessary.  Here, the response to the Town's third
interrogatory consists of 29 paragraphs covering approximately
nine pages.  The response to the first one consists of 28
paragraphs covering more than seven pages.  More importantly,
those responses read more like a trial brief than an
interrogatory response; they are highly argumentative and
plainly expressed in the voice of Rand's attorney.  Given the
nature of those responses, it is easy to see why they took a
long time to produce.  However, in light of what interrogatory

answers are supposed to be, Rand's responses are beyond the
pale.  In this case, given the interrogatories posed, it would
be reasonable for counsel to spend no more than 90 minutes on
each of the 13 of them, which yields a total of 19.5 hours of
compensable time devoted to answering interrogatories.  That
results in a deduction of $6,780 from Rand's fee request.

**Responding to the Town's Motion for Summary Judgment**.  Rand
seeks fees for 41.5 hours devoted to responding to the Town's
motion for summary judgment.  The Town seeks a reduction to
approximately 25 hours, on grounds that it prevailed on many of
the arguments it advanced in its motion.  Rand does not address
this objection in her reply.

In Dixon v. International Brotherhood of Police Officers,
434 F. Supp. 2d 73 (D. Mass. 2006), Judge Young was presented
with a motion for fees in a Title VII case.  That case involved
five separate summary-judgment motions.  See id. at 81.  Judge
Young concluded "that an average of 32.8 hours billed for
[opposing] each of the motions [was] excessive," id., and
determined that the plaintiff was entitled to fees for 20 hours
of work on each of her five objections to summary judgment, id.
at 82 (citing Wilcox v. Stratton Lumber, Inc., 921 F. Supp. 837,
846 (D. Me. 1996) (concluding that "35 hours preparing [a]
response to Defendant's Motion for Summary Judgment" was

16

"significantly more time on [that] individual task[ ] than [was] merited"). In light of Dixon and Wilcox, the court agrees with the Town that Rand is entitled to compensation for 25 hours of work on her objection to summary judgment. That results in a deduction of $3,300 from her fee request.

**File Organization.** Rand seeks fees for 23.3 hours that her attorney devoted to organizing his files. The Town argues that organizing files is secretarial work that is performed by administrative staff and is not billable to the client. Rand does not address this objection in her reply.

The court is not persuaded by the Town's argument that time spent organizing Rand's attorney's files is categorically uncompensable. And, the billing records demonstrate that the number of hours for that task is not excessive, given the timing and duration of the episodes of file organization for which Rand seeks compensation. That said, file organization cannot be compensated at Rand's attorney's hourly rate. See Lipsett, 975 F.2d at 940 ("clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them") (citing Missouri v. Jenkins, 491 U.S. 274, 299 n.10 (1989); Action on Smoking & Health v. Civil Aero. Bd., 724 F.2d 211, 222 (D.C. Cir. 1984)). Rather, that task should be billed and compensated at a rate of $100 per hour. See Castañeda-Castillo

v. Holder, 723 F.3d 48, 77-78 (1st Cir. 2013) ("find[ing] that
[plaintiff] should be awarded fees for paralegals . . . at the
hourly rate[ ] of $100"); IMS Health Corp. v. Schneider, 901 F.
Supp. 2d 172, 197 (D. Me. 2012) ("accept[ing] "$95 per hour as
the rate for paralegal and litigation support billing in
Maine"); Int'l Union of Operating Eng'rs Local 98 v. Shawn's
Lawns, Inc., No. 10-cv-30243-MAP, 2012 WL 1405786, at *3 (D.
Mass. Apr. 17, 2012) (reducing billing rates for paralegals from
a range of $137 to $147 per hour to $100 per hour).  The court's
reduction of the rate of compensation for organizing files
results in a deduction of $2,330 from Rand's fee request.

**Researching Privilege Log.**  Rand seeks fees for 22.7 hours
devoted to researching and compiling a two-page privilege log
her attorney provided to the Town in conjunction with the
initial disclosures required by Rule 26(a)(1)(A)(ii) of the
Federal Rules of Civil Procedure ("Federal Rules").  The Town
argues that Rand may not recover fees for preparing that log
because there was never any issue regarding privilege in this
case, such as an assertion of privilege in response to a
discovery request, which makes it unclear why it was ever
necessary to research and prepare a privilege log in the first
place.  Rand responds by contending that "privilege logs are now
<u>required</u> by the automatic discovery provisions of the Federal

18

Rules." Pl.'s Reply Mem. (doc. no. 68) 6 (emphasis in the original).

The court has found several cases in which privilege logs have been appended to initial disclosures. See, e.g., Sommer v. United States, No. 09cv2093-WQH (BGS), 2011 WL 4592788, at *10 (S.D. Cal. Oct. 3, 2011); Zurich Am. Ins. Co. v. Bulk Carrier Servs., No. 09-cv-01960-LTB-MJW, 2010 WL 3805926, at *1 (D. Colo. Sept. 23, 2010); Cont'l Cas. Co. v. Multiservice Corp., No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008). But, the court has been unable to locate any authority for the proposition that privilege logs are a required part of a Rule 26(a)(1) initial disclosure. To the contrary, several district courts have said that privilege logs are not a part of the initial disclosures required by the Federal Rules. For example, in Sommer, after noting that that the plaintiff had filed a privilege log with her initial disclosures, Judge Skomal had this to say:

> Plaintiff, however, did not have an obligation to produce a privilege log at the time she served her initial disclosures because Defendants had yet to propound document requests. See Doc. No. 82-5, Ex. A. Fed. R. Civ. P. 26(a)(1)(A)(ii) does not require production of any documents. Rather, Rule 26(a)(1)(A)(ii) only requires disclosure of documents that the party intends to use, not documents that may be used to respond to the opposing party's discovery. See Advisory Comm. Notes to 2000 Amendments.

2011 WL 4592788, at *10; see also S.E.C. v. Merkin, No. 11-
23585, 2012 WL 3203037, at *4 (S.D. Fla. Aug. 3, 2012)
(describing as "incorrect" the idea "that a party is obligated
to place documents on a privilege log even though they are not
responsive to a document request").  Based upon the foregoing
authority, the court rejects Rand's contention that she was
required to produce a privilege log as part of her initial
disclosures.  Thus, the court must also conclude that
preparation of that log was unnecessary which, in turn, renders
uncompensable the time Rand's attorney spent on that task.  That
results in a deduction of $4,540 from Rand's fee request.

**Drafting the Complaint.**  Rand seeks fees for 19.5 hours
devoted to drafting her original complaint.  The Town seeks a
reduction to 9.8 hours, on grounds that many of Rand's claims
were resolved against her at summary judgment, and much of the
complaint was devoted to her unrelated claims against
McAllister.  Rand does not address this objection in her reply.
Rand's unsuccessful claims and her claims against McAllister are
not so unrelated to her successful claims against the Town to
justify a reduction of the amount of complaint-drafting time for
which Rand should be compensated.  See Hensley, 461 U.S. at 434-
35.

**The Supplemental Administrative Charge of Discrimination.**
Rand seeks fees for 16.5 hours devoted to drafting and filing a
supplemental charge of discrimination with the New Hampshire
Commission for Human Rights.  The Town seeks a reduction to two
hours, based upon the brevity of the supplemental charge and its
impression that much of what appears in that charge is
duplicative of what appears in Rand's original complaint in this
case.  Rand contends that the Town mischaracterizes the
character of the supplemental charge and that it was not
redundant of the initial original complaint.  Necessarily,
Rand's original complaint, dated February 4, 2011, and her
supplemental charge cover much of the same factual ground.  But,
it is clear that the charge was not merely a "cut-and-paste"
from the complaint.  Thus, the two documents are not
sufficiently similar to justify, on grounds of redundancy, a
reduction in the amount of charge-drafting time for which Rand
should be compensated.

**Polygraph Issue.**  Rand seeks fees for 15.7 hours of
research on whether an employer can require an employee to
submit to a polygraph.  The Town argues that Rand is not
entitled to fees for that research because no polygraph issue
ever arose in the case, and Rand's attorney abandoned the issue,
recognizing that polygraph evidence was inadmissible.  Rand does

not address this objection in her reply. Nowhere has Rand said anything about why she should recover attorney's fees for this task, and its relevance to the case is not readily apparent to the court. Given that it is Rand's burden to prove the reasonableness of the time spent on this task, see Torres-Rivera, 524 F.3d at 340, she is not entitled to compensation for her attorney's polygraph research. That results in a deduction of $3,140 from her fee request.

**Amending the Complaint.** Rand seeks fees for 12.5 hours devoted to amending her complaint. The Town argues that Rand is not entitled to fees for that task because, as to the claims against it, the original complaint and the amended complaint are identical. Rand does not address this objection in her reply. Because drafting the amended complaint was clearly a necessary task, and because the claims against defendants other than the Town are sufficiently related to her successful claims against the Town, the Town is entitled to no reduction of the hours Rand claims for drafting the amended complaint.

**Extensions of Deadlines.** Rand seeks fees for 4.1 hours devoted to requesting extensions of deadlines. Rand says that hours for this task have already been deducted from her request, pursuant to the exercise of billing judgment. Accordingly, the

Town is not entitled to any further reduction of hours for this task.

**Drafting and Revising the Discovery Plan.** Rand seeks fees for 4.1 hours spent drafting and revising the discovery plan. The Town seeks a reduction to 1.1 hours, on grounds that the billing records give no indication of what revisions resulted from the hours identified as being spent on that task. Rand does not address this objection in her reply. Even so, given that 4.1 hours of work on a discovery plan is patently reasonable, the Town's objection gives the court no reason to reduce the number of compensable hours Rand's attorney billed for this task.

**Reviewing and Discussing Medical Releases.** Rand seeks fees for 1.7 hours spent reviewing and discussing medical releases. Because most of this time has already been deducted from Rand's request, the Town is entitled to no further reduction.

**Miscellaneous Matters.** Rand seeks fees for 4.5 hours devoted to the following matters: (1) a potential claim for failure to promote (a claim that was later abandoned); (2) an interview with Mark Damsal (whose relevance to the case the Town cannot discern); (3) discussions with Rand about an ex-employee visiting her new place of employment; (4) calls to the clerk's office to discuss administrative matters; and (5) subpoenaing a

supervisor at the New Hampshire Department of Environmental Services. The court can discern no basis for reducing the amount of compensable time Rand's attorney devoted to these tasks.

### C. Deductions from the Lodestar

In addition to challenging the number of hours that should be included in a proper lodestar, the Town also seeks two deductions from the lodestar, for tasks that it characterizes as entirely unrelated to the claims on which Rand prevailed. The court is not persuaded by the Town's arguments.

**McAllister Matters.** Rand seeks fees for 24.6 hours devoted exclusively to prosecuting her claims against McAllister. The Town argues that Rand is not entitled to fees for that work, because it clearly segregable from work her attorney performed to prosecute her claims against the Town, and in her post-verdict settlement with McAllister, she waived any claim of fees against him. As to that category of fees, Rand argues:

> Time spent on the prosecution of Ms. Rand's claims
> against Mr. McAllister was, ipso facto, time spent on
> the prosecution of her claims against the Town, for as
> a practical matter Ms. Rand had to show that her
> assault and battery claim was bona fide in order to
> win the jury over on her retaliation claim. She would
> have had to adduce the same proof of his misconduct
> even if he had not been named as a defendant.

Pl.'s Reply Mem. (doc. no. 68) 3.  While, as a legal matter,
Rand was not obligated to prove her assault and battery claim
against McAllister in order to prevail on her retaliation claim
against the Town, see Rodríguez-Vives v. P.R. Firefighters Corps
of P.R., 743 F.3d 278, 284 n.2 (1st Cir. 2014), those two claims
are more than sufficiently related to justify an award of fees,
under the Title VII fee-shifting provision, for prosecuting the
assault claim.  The assault was the root cause for all the
claims Rand asserted in this case, and, indeed, there are
multiple legitimate reasons why litigating the assault and
battery claim together with the retaliation claim contributed to
the favorable result Rand achieved on her retaliation claim.  In
short, the court declines to deduct from the lodestar the fees
associated with prosecuting Rand's assault and battery claim
against McAllister.

    **Researching Supervisor Liability**.  Rand seeks fees for 6.5
hours of research into the liability of supervisors.  The Town
argues that Rand is not entitled to fees for that research
because her claims against her fellow Town employees were not
successful.  Rand does not address this objection in her reply.
Rand's claims against her supervisors were sufficiently related
to her claims against the Town to justify awarding her the fees
generated by her attorney's research on supervisory liability.

D. Costs

The Town objects to paying for four items claimed by Rand as costs of litigation.  Specifically, it objects to paying: (1) $2,172 for a consultant; (2) $603.75 for blowing up trial exhibits; (3) $364.54 for research, research-related travel, and extraordinary postage; and (4) $350 for filing a second complaint, which was ultimately consolidated with her first complaint.  Rand has not replied to any of the Town's objections.  The court considers each of the disputed items of costs below.

**Consultant fee.**  The Town argues that this cost should not be compensated because: (1) 42 U.S.C. § 2000e-5(k) identifies "expert fees" but not "consultant fees" as a compensable cost; and (2) Rand has not indicated why her attorney needed a consultant in the first place.  Because Rand has failed to carry her burden of demonstrating the reasonableness of this cost, see Torres-Rivera, 524 F.3d at 340, $2,172 must be deducted from her request for costs.

**Exhibit Blow-ups.**  The Town argues that this cost should not be compensated because some of the blow-ups were not even on Rand's exhibit list and because the available courtroom technology obviated the need for large exhibits in this case. The court is not inclined to second guess Rand's attorney's

trial strategy, and can see no basis for denying compensation for the production of large-scale exhibits.  Cf. Eli Lilly, 264 F. Supp. 2d at 773.

**Research, travel, and postage.**  Research, travel, and postage are costs normally associated with litigation.  While the Town objects to the amount expended on those items, it does not point the court to any particular costs associated with those items that were excessive or unnecessary.  Accordingly, the court can see no basis for making any deduction from Rand's request for costs for research, travel and postage.

**Second filing fee.**  The Town argues that this cost should not be compensated because Rand's attorney has admitted that he should have filed a motion to amend the original complaint rather than a second action.  The basic thrust of Rand's second complaint was to add various Town employees as defendants.  If Rand is entitled to fees for prosecuting unsuccessful claims against those new defendants on grounds that those claims were sufficiently related to her successful claims, then, necessarily, those claims were sufficiently related to have made it unnecessary to file a separate complaint against them.  Because the second complaint was unnecessary, Rand is not entitled to compensation for a second filing fee.  That results in a deduction of $350 from her request for costs.

27

E. Supplemental Motion

In addition to her original fee petition, Rand has filed a motion seeking fees for the work her attorney performed after the original petition was filed.  Specifically, she seeks $7,240 for: (1) eight hours her attorney spent finalizing her original fee petition; (2) 22 hours for drafting her reply to the Town's objection to her original petition; and (3) approximately eight hours for minor miscellaneous tasks.  The Town objects to the motion in its entirety as being untimely under the local rules of this court, and also objects to specific categories of work for which Rand seeks fees.

Because Rand is seeking fees for tasks undertaken after the deadline set in LR 54.1(a), she necessarily could not have moved for the fees itemized in her supplemental motion before that deadline.  Thus, her motion is not untimely.  The additional eight hours devoted to the original fee petition are not compensable, in light of the court's previous determination of the number of hours necessary to prepare a fee petition in this case.  Similarly, Rand seeks excessive compensation for drafting her reply to the Town's objection to her original petition.  Given the length of the reply, the amount of law cited therein, and the nature of the arguments made therein, an appropriate amount of time for that task is 16 hours.  The court, however,

can see no basis for reducing the numbers of hours Rand claims for miscellaneous tasks undertaken by her attorney since he filed her petition for fees, all of which appear to be tasks for which an attorney may appropriately bill a client.  See Hensley, 461 U.S. at 434.  The two reductions in hours described above, in conjunction with a reduction of Rand's attorney's hourly rate from $200 to $160 for the two hours he spent preparing the supplemental motion, result in a deduction of $2,880 from Rand's fee request.

### Conclusion

Rand's petition for fees, document no. 63, is granted in part, and her supplemental motion for fees, document no. 70, is also granted in part.  In her petition and motion combined, Rand seeks $151,960 in attorney's fees and $6,749.50 in costs.  Based upon the foregoing analysis, Rand is entitled to, and the Town shall pay her, $94,010 in attorney's fees and $4,227.50 in costs.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 30, 2014
cc:  Susan Aileen Lowry, Esq.
     Duncan J. MacCallum, Esq.
     Michael J. Malaguti, Esq.
     Daniel J. Mullen, Esq.
     William G. Scott, Esq.